EDGAR A. TYNER *et al.* v. RODERICK SCHOONOVER.

No. 15,687.    (100 Pac. 478.)

SYLLABUS BY THE COURT.

MARRIAGE—*Evidence.* Marriage may be proved by the acknowledgment and declarations of the parties, their cohabitation and conduct, and by general reputation, and such proof may be produced without first showing that record evidence or the testimony of an eye-witness of the marriage is not available.

Error from Elk district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 6, 1909. Affirmed.

*T. J. Hudson,* for plaintiffs in error.

*George W. Day,* and *A. T. Ayres,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This controversy as to an inheritance in a tract of land was previously before the court, and is back again for a second review. In the first review the issues between the parties were stated, and at least one of the questions now presented was determined. (*Schoonover v. Tyner,* 72 Kan. 475, 84 Pac. 124.) To establish his right of inheritance Roderick Schoonover offered testimony to the effect that his mother, a widow with six children, married George W. Knox, a widower, who had seven children at the time of the marriage. There was no record evidence of the

marriage nor testimony from any one present at the marriage ceremony. Testimony was produced that in March, 1868, the parties went to town for the declared purpose of being married, and afterward reported and claimed that they were married. They subsequently lived together as man and wife, and a child was born of the union. They made and maintained a home for the Knox and Schoonover children on the land in question until Knox died, in 1872.

It is argued that there was no competent proof of the marriage, and that that which was introduced was inadmissible. The declarations and acknowledgment of the parties that they were married, together with the fact that they lived together in that relation, was competent testimony of the marriage. In *Smith v. Brown*, 8 Kan. 608, it was held that where facts of relationship, descent, birth, marriage and death are in controversy family history or what a witness heard members of a family since deceased say as to those facts is admissible in evidence. It was not essential, therefore, that the plaintiff should show that a marriage record was not available, nor that he was unable to produce an eyewitness to the solemnization of the marriage, preliminary to offering testimony of family tradition, cohabitation and reputation. These are not to be regarded as secondary to record evidence or to the testimony of one who witnessed the celebration of the marriage. In a New York case it was conceded that testimony of acknowledgment, cohabitation and reputation might be offered to show marriage, but that under the rule requiring the best evidence such testimony could not be received unless it appeared that direct evidence could not be produced. The court held, however, that "the rule which requires the best evidence to be furnished, in preference to that which is secondary, has no application, in a sense which will exclude evidence to show, by reputation and cohabitation, that the defendant is a married woman; notwithstanding she may be a witness

to prove that fact." (*Rockwell v. Tunnicliff*, 62 Barb. [N. Y.] 408, syllabus.) Evidence of this kind may not be as convincing of the fact as direct evidence, but it is competent, and, while not conclusive, it is generally held to make a *prima facie* case sufficient to establish the legitimacy of children and to warrant the devolution of property. (*Richard v. Brehm*, 73 Pa. St. 140, 13 Am. Rep. 733; *Smith v. Fuller* [Iowa, 1906], 108 N. W. 765; *Boone, et al., Lessee, v. Purnell*, 28 Md. 607, 92 Am. Dec. 713; *Barnum, et al., v. Barnum, et al.*, 42 Md. 251; *Lowry v. Coster*, 91 Ill. 182; *Casley v. Mitchell*, 121 Iowa, 96, 96 N. W. 725; *Hardin et al. v. Hardin* [Ky. 1905], 87 S. W. 284; *Fenton v. Reed*, 4 Johns. [N. Y.] 52, 4 Am. Dec. 244; 1 Wig. Ev. § 268; 2 Wig. Ev. §§ 1286, 1481, 1602; 3 Wig. Ev. § 2083.)

It is true that our marriage statute provides that the record of marriage licenses issued shall be kept by the probate judge and that the returns and entries made in such record, when properly certified, shall constitute evidence in all courts. (Gen. Stat. 1901, § 4016.) While this statute prescribes what shall be received as evidence, it does not undertake to restrict the proof of marriage to such evidence alone. Consensual or common-law marriages are not void although the formalities of the statute have not been observed, and these may be shown by acknowledgment, cohabitation and repute, and must necessarily be shown by other than record evidence. (*The State v. Hughes*, 35 Kan. 626, 12 Pac. 28, 57 Am. Rep. 195; *The State v. Walker*, 36 Kan. 297, 13 Pac. 279, 59 Am. Rep. 556; *Matney v. Linn*, 59 Kan. 613, 54 Pac. 668; *Renfrow v. Renfrow*, 60 Kan. 277, 56 Pac. 534, 72 Am. St. Rep. 350; *Schuchart v. Schuchart*, 61 Kan. 597, 60 Pac. 311, 50 L. R. A. 180, 70 Am. St. Rep. 342.) In New Hampshire, where a copy of the town clerk's record was made evidence of marriage, it was held that the statute did not operate to make that evidence higher in degree than other evidence, and, further, that other proof might be

received without showing that record evidence could not be produced. (*State v. Marvin*, 35 N. H. 22.) In this case, in addition to the testimony by acknowledgment, there was cohabitation, conduct and general reputation, all tending to show the marriage of the parties, and, there being no countervailing testimony, the proof was abundant to show the marriage of Mr. Knox and plaintiff's mother.

The question of the statute of limitations raised against the plaintiff was properly determined in the former proceeding in error. When his mother died a share of the property descended to the plaintiff. He became a tenant in common with the other heirs of George Knox and Clarissa Knox. The possession of a tenant in common is deemed to be the possession of all cotenants, and to continue until an ouster is clearly and satisfactorily shown. The statute of limitations could not start until there was an ouster of plaintiff. An ouster was alleged, but no proof tending to show an ouster was offered, and in fact no proof of any kind was produced in behalf of the defendants.

The judgment is affirmed.