Burns v. Clark.

---

No. 22,147.

J. R. BURNS, as Receiver of the Citizens State Bank of Chautauqua, *Appellee,* v. E. E. CLARK, *Appellant.*

SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Defense Was Forgery—Trial—No Substantial Merit in Assignments of Error.* Assignments of error regarding order of proof, qualification of witnesses—expert and nonexpert—abuse of discretion by the court, instructions to the jury, and the qualification of jurors, considered, and held to be without substantial merit.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed November 8, 1919. Affirmed.

*J. D. McBrian,* and *J. E. Brooks,* both of Sedan, for the appellant.

*W. H. Sproul,* of Sedan, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover from the maker of a promissory note. The defense was that the maker's signature had been forged, and that he was not indebted to

the payee.   The verdict and judgment were for the plaintiff,. and the defendant appeals.

The Citizens State Bank of Chautauqua failed.   When the banking department took charge, questionable paper was found in the bank and in the hands of persons to whom it had been negotiated by a defaulting cashier.   The evidence was clear enough that the defendant owed the bank money in a sum equal to the face of the note, for which he had given his note; but other notes purporting to bear the defendant's signature were discovered.

Complaint is made because the note bearing the disputed signature was introduced in evidence before proof of genuineness was supplied.   The order of proof was not material, so long as evidence of genuineness sufficient to go to the jury was produced.   Besides this, the note was not read to the jury, or inspected by the jury, until strong proof that the defendant signed it had been exhibited.

Complaint is made that a witness not qualified as a handwriting expert was permitted to testify that the disputed signature was that of the defendant.   The witness testified he knew the defendant's signature when he saw it, and stated the facts upon which his asserted knowledge was based.   Those facts qualified him to identify the signature, and it is quite elementary that such a witness is competent to testify directly to the fact of genuineness.

Two experienced bank cashiers testified to the genuineness of the disputed signature, after comparing it with other signatures admitted by the defendant to be genuine.   It is said the witnesses were not qualified as experts.   The defendant, overlooking the difference in qualification between expert and nonexpert witnesses, neglected to interpose an objection when the testimony was offered; but beyond this, the witnesses were abundantly qualified.

It is claimed the court was guilty of an abuse of discretion. Before introducing his testimony, the defendant requested delivery to him of the notes not sued on purporting to have been signed by the defendant, and of an accompanying chattel mortgage, for the purpose of comparing signatures.   The plaintiff had but one of the notes in court.   The other, known as the Prouty note, was stated to be in the possession of Prouty, and the plaintiff disclaimed possession and knowledge of the

whereabouts of the chattel mortgage. The defendant's request was made pursuant to proceedings occurring at a previous trial. The specific order made was as follows:

"The court orders that the counsel for the plaintiff in this case submit to the counsel for the defendant all notes included in what is termed or designated 'the Arnold & Company batch of notes,' purporting to have been signed by the defendant in this action, E. E. Clark, for their inspection, and also orders that the plaintiff have in court at the trial in this case such notes for the use of the defendant as he may elect."

In a succeeding colloquy between counsel and between the court and counsel, the general effect of the order was briefly restated by the court, but evidently without purpose to modify its terms. At the second trial it appeared the attorney for the defendant had not exercised his right of inspection, had not indicated what instruments he wished produced, and had caused no subpœna to issue to bring any papers into court. The court very properly remarked that if the attorney had desired the papers he could have had them. Besides this, the order did not mention any chattel mortgage; there is nothing to indicate that the Prouty note, apparently especially desired, could or should have been produced by the plaintiff; the defendant did not use the note which the plaintiff had in court; it does not appear that the defendant was without proper material for comparison of handwriting; and the court, when instructing the jury to disregard improper remarks of defendant's attorney relating to nonproduction of the notes not sued on, properly held they were not competent evidence for either side. It is plain that injecting the notes into the proceeding would have raised as many new forgery issues as there were instruments, and no complaint whatever is made of the ruling. The result is, the charge of abuse of judicial discretion is groundless.

The defendant fenced against admitting the genuineness of a signature which he said looked like his, then denied it, and finally declared he would not say whether the signature was his or not. In the course of the examination the court called his attention sharply to the signature and to his answers, and it is said the court was guilty of misconduct and abuse of discretion. The subject is fully covered by the opinion in the case of *The State v. Keehn*, 85 Kan. 765, 118 Pac. 851.

Complaint is made because the court gave the jury an instruction on the subject of expert testimony, and it is said nonexpert testimony was unduly dignified by calling it expert testimony. The testimony of expert witnesses did form a part of the plaintiff's proof, and called for the instruction. Besides this, the complaint is quite frivolous, because the court told the jury the expert testimony was to be considered like any other, was to be tried by the same tests, and was to be given such weight and credit as the jury deemed it entitled to when considered in connection with all the other evidence in the case.

The court instructed the jury to find for the plaintiff if it were satisfied, from all the evidence, the defendant signed the note; and if it were satisfied he did not sign it, to find for the defendant. It is said this instruction imposed the burden of proof on the defendant. This contention is frivolous if the instruction be considered by itself. In a separate instruction, relating to the single subject of burden of proof, the jury was told on whom the burden of proof rested.

An assignment of error relating to the disqualification of two jurors is without merit, and the judgment of the district court is affirmed.