No. 36,497

JUANITA MAE SMITH, *Appellee*, v. WALTER LEE VERNON SMITH, *Appellant*.

(165 P. 2d 593)

Opinion filed February 6, 1946.

*C. E. Pile,* of Parsons, argued the cause for the appellant.

*John B. Markham,* of Parsons, argued the cause for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.:  This was an action for divorce upon the grounds

of gross neglect of duty, extreme cruelty and abandonment for more than one year. The petition, filed April 30, 1945, among other things alleged that the parties were married November 4, 1936; that they were divorced May 22, 1939, in which action plaintiff was given the custody of their child born as a result of the marriage, then fifteen months old; that thereafter and in 1940 the parties commenced to live together again as husband and wife without procuring a marriage license or having a marriage ceremony performed; that both plaintiff and defendant held themselves out to the world as husband and wife and lived together in the same home; that defendant's insurance papers were made out showing plaintiff as defendant's wife in the years 1941 and 1942, and that defendant, who was employed by a railroad company, procured an annual pass over the railroad showing plaintiff as his wife; that while they were so living together as husband and wife another child was born to them February 23, 1941, and that plaintiff and defendant are husband and wife by virtue of a common-law marriage.

Defendant did not attack this petition by motion or demurrer but filed an answer in which he alleged that at the time of the divorce in 1939 he was ordered by the court to pay plaintiff $15 per month for the support of their child, which order he has continued to obey. He alleged that plaintiff's petition does not state facts sufficient to constitute a common-law marriage; that it further shows on its face that plaintiff's pretended cause of action is without equity in that it shows plaintiff and defendant are equally at fault in that they violated G. S. 1935, 23-118, for which reason plaintiff is not entitled to any relief; and specifically denied that subsequent to May 22, 1939, the parties had any agreement "to live permanently together as husband and wife"; and further denied that since that date the parties had "lived and cohabited together continuously as husband and wife."

Thereafter plaintiff filed a motion for temporary support. Upon the hearing of the motion defendant objected to the introduction of evidence upon the ground that plaintiff's petition stated no facts constituting a cause of action, which objection was by the court overruled. After hearing the evidence the court found that plaintiff's motion for temporary support should be sustained and that defendant should pay to the clerk of the court $50 per month for plaintiff's use for the support and maintenance of the minor children of the parties.

The appeal is from the order of the court overruling defendant's objection to the introduction of any evidence and from the order allowing plaintiff $50 per month for the support of their children. No complaint is made of the amount of the allowance for temporary support if plaintiff is entitled to anything.

Appellant's argument, although made under several subdivisions, centers around the contention that plaintiff's petition does not state a cause of action. It is conceded by defendant that before the court could properly make an order for temporary support the court must have held that the petition stated a cause of action, citing *Litowich v. Litowich,* 19 Kan. 451.

Under the provisions of our statute relating to domestic relations (G. S. 1935, 23-101 *et seq.*) common-law marriages in this state are not void, and marital rights acquired under such a marriage have been recognized in a variety of circumstances.

See: *State v. Hughes,* 35 Kan. 626, 12 Pac. 28; *State v. Walker,* 36 Kan. 297, 13 Pac. 279; *State v. McFarland,* 38 Kan. 664, 667, 17 Pac. 654; *Matney v. Linn,* 59 Kan. 613, 618, 54 Pac. 668; *Shorten v. Judd,* 60 Kan. 73, 77, 55 Pac. 286; *Renfrow v. Renfrow,* 60 Kan. 277, 280, 56 Pac. 534; *Schuchart v. Schuchart,* 61 Kan. 597, 60 Pac. 311; *Tyner v. Schoonover,* 79 Kan. 573, 575, 100 Pac. 478; *Pitney v. Pitney,* 151 Kan. 848, 853, 101 P. 2d 933; and *Cain v. Cain,* 160 Kan. 672, 165 P. 2d 221.

Appellant cites G. S. 1935, 23-118, which provides a penalty for unlawful cohabitation. While that penalty may be enforced, the fact that the parties are guilty of the offense there charged does not annul the marriage (see *State v. Walker,* supra); neither does it prevent a party who had joined in a common-law marriage, and who had not been divorced, from being guilty of bigamy if he marries again. (See *State v. Hughes,* supra.)

Appellant's contention that the party who enters upon a common-law marriage, and who for that reason may be prosecuted for unlawful cohabitation under G. S. 1935, 23-118, is entitled to no standing in court for any relief, is negatived by other cases above cited, particularly *Pitney v. Pitney,* supra, and *Cain v. Cain,* supra.

Examining the petition, we think it states facts sufficient to allege a common-law marriage. It necessarily follows that the court properly overruled defendant's objection to the introduction of evidence, and that the allowance made for the support of the children was proper.

The judgment of the court below is affirmed.