No. 38,294

In re Estate of Edgar Loyal Freeman, Deceased. (CLEMIE DENDY FREEMAN, *Appellant,* v. ELSIE COLLINS, *Appellee.*)

(231 P. 2d 261)

Opinion filed May 12, 1951.

*R. L. Hamilton,* of Beloit, argued the cause, and *Ralph H. Noah,* of Beloit, was with him on the briefs for the appellant.

*Frank C. Baldwin,* of Concordia, argued the cause, and *Charles L. Hunt,* of Concordia, *Wm. N. Tice,* of Beloit, and *H. McCaslin,* of Osborne, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action originated in the probate court of Mitchell county. Edgar Loyal Freeman died intestate. Clemie Dendy filed a petition in the probate court in the name of Clemie Dendy Freeman and sought to be appointed administratrix of decedent's estate on the theory she was his widow and sole heir. The defendant, Elsie Collins, a sister of the decedent, contested plaintiff's claim and asserted she was decedent's sole heir. On final set-

tlement and distribution of the estate the probate court ruled plaintiff had been decedent's common law wife, was his widow and sole heir and set aside $750.00 to her as a widow's allowance. From that judgment the defendant appealed to the district court which reversed the judgment. Plaintiff appeals.

We shall continue to refer to the parties as plaintiff and defendant. The principal question is whether the district court erred in concluding plaintiff was not decedent's widow and, therefore, not his heir at law. The plaintiff urges the trial court erred in the following particulars: (1) In the admission of evidence; (2) in making certain findings of fact and in its conclusions of law; (3) in refusing to make additional findings of fact and contrary conclusions of law; and (4) in overruling her motion for a new trial.

Defendant first contends there were no trial errors but if there were they are not open to appellate review for the reason plaintiff's motion for a new trial was not filed within three days after the court filed its findings of fact and conclusions of law. We think the facts in this particular case make it unnecessary to labor defendant's contentions. Plaintiff filed two motions on the same day the court's findings of fact and conclusions of law were filed. One motion challenged the correctness of those findings and conclusions. The other requested additional findings of fact and contrary conclusions. Defendant's objection to a consideration of plaintiff's motion for a new trial on the ground it was filed too late was overruled. That ruling combined with an examination of a colloquy between counsel and the court on the day the findings of fact and conclusions of law were filed indicates the court did not consider them as final when filed but intended to, and did, first consider plaintiff's two motions on a later day and then overruled them and also plaintiff's motion for a new trial and rendered judgment. The motion for a new trial was filed the next day.

It was within the province of the trial court to determine whether the findings of fact and conclusions of law it filed were merely preliminary or whether it intended them to be final when filed. (*Kalivoda v. Kalivoda*, 148 Kan. 238, 240, 80 P. 2d 1050.)

Plaintiff's complaints will be treated in the order previously stated. In the trial of the action plaintiff, in order to establish her capacity to enter into a marriage contract, introduced in evidence a decree of divorce obtained from her former husband, W. O.

Dendy, in the same court in 1933. Thereafter the defendant introduced in evidence the files in that divorce action for the purpose of showing the divorce decree was void by reason of defective service on her husband, a nonresident. Plaintiff contends the evidence introduced by defendant was improperly admitted and the conclusion of the court in the instant case that the divorce decree was void is erroneous.

Capacity to marry is only one of the necessary elements of a common law marriage. In order to constitute a valid common law marriage there must also be a present marriage agreement rather than an agreement to be married in the future and a holding out of each other to the public as husband and wife. (*Cooper v. Cooper*, 147 Kan. 256, 76 P. 2d 867; *Pitney v. Pitney*, 151 Kan. 848, 101 P. 2d 933, and cases therein cited.) Assuming plaintiff possessed the capacity to marry did she enter into a common law marriage with Edgar Loyal Freeman? The court found she did not. We prefer to go directly to that issue. Before doing so, however, we pause to note plaintiff contends there was also error in the admission of testimony touching other elements of a common law marriage. A careful analysis of the record convinces us no prejudicial error was committed in this respect. There was no jury to be prejudiced or confused and there was ample competent testimony on those issues. The credence to be accorded the witnesses and the weight to be attached to their testimony are something else.

The general reputation of the parties with respect to being married or single does not prove or disprove the marriage agreement itself. It is, however, evidence which may be considered in determining whether the parties held themselves out to the public as being husband and wife. (*Schuchart v. Schuchart*, 61 Kan. 597, 599, 60 Pac. 311; *Tyner v. Schoonover*, 79 Kan. 573, 576, 100 Pac. 478; *Butler v. Butler*, 130 Kan. 186, 190, 285 Pac. 627.) We find no reversible error in the admission of testimony on behalf of the defendant that the parties bore the reputation of being single.

In addition to the court's findings of plaintiff's lack of capacity to marry the record discloses:

"12. The Court further finds from all of the evidence that neither Clemmie Dendy nor the said Freeman did at any time prior to the death of Freeman hold themselves out to the public as being husband and wife.

"13. The Court further finds from all the evidence that there never was any consensual marriage entered into by and between the said Freeman and petitioner, Clemmie Dendy."

The plaintiff did not testify. Her alleged common law husband was dead. It immediately becomes apparent the court was obliged to consider numerous facts, circumstances and inferences which reasonably might be drawn therefrom. That the court, in the light of the record, might have made findings in favor of plaintiff's contentions is readily conceded. On appellate review that, however, is not the test. The question here is whether there was substantial, competent evidence which together with inferences that reasonably might be drawn therefrom support the findings of fact the court made. That there was such evidence is clear. It was strictly within the province of the trial court to determine the weight to which the testimony of the various witnesses was entitled. Unfortunately for plaintiff the court resolved the conflicting testimony in defendant's favor.

In order to set aside finding No. 13 this court would be obliged to say the record is such as to compel the trial court to believe there had been a marriage agreement in addition to an agreement to cohabit. A careful review of the record convinces us the trial court easily might have concluded the parties cohabited but it was not compelled to believe they had actually entered into a marriage agreement.

But even though a reviewing court were able to say the trial court was obliged to believe such an agreement was actually made, this court would be confronted with the necessity of further concluding the evidence also compelled a finding the parties held themselves out to the public to be husband and wife. The court found they had not done so. It will serve no useful purpose to demonstrate this conclusion by encumbering our state reports with a lengthy narrative of the testimony. The record discloses numerous affirmative acts of the decedent which support the court's findings. The record also discloses many things the decedent failed to do which indicate, or tend to indicate, the absence of a marriage. The same may be said concerning the conduct of the plaintiff.

Plaintiff argues the court was required to make additional findings she requested. We do not think so. Although the court, of course, was required to consider the evidence it was not obliged to give full credence to all of plaintiff's or defendant's evidence. From an examination and consideration of the entire record we would not be justified in reversing the judgment or in granting a new trial by reason of the court's failure to make the additional requested findings.

It is not contended the findings made by the court do not support its conclusions of law.

Plaintiff contends the court erred in the following:

"It is further by the Court ordered and decreed that Henry Heidrick, administrator of decedent's estate, is now entitled to the immediate possession of all of the assets of said estate, and upon his application that a writ of assistance or other lawful process issue to place him in the possession of all of the real estate belonging to said estate and to remove and put out any person occupying or claiming the same or any part thereof."

The plaintiff argues the question of possession of property belonging to decedent's estate was outside the issues of the case. We cannot agree. An examination of the pleadings filed in the district court indicates this subject was made an issue by plaintiff's petition, her prayer and defendant's answer. Although the administrator of decedent's estate was not a party to the instant action the plaintiff is not in a position to complain concerning this part of the judgment. Moreover since plaintiff's only claim was as an heir, which she failed to establish, she has no further interest in the estate.

In view of what has been said heretofore nothing further need be said with respect to the order overruling the motion for a new trial.

The judgment is affirmed.