No. 39,689

LOUISE AMERINE, *Appellant*, v. THOMAS H. AMERINE, Executor of the Estate of C. E. Amerine, Deceased, *Appellee*.

(283 P. 2d 469)

Opinion filed May 7, 1955.

Pat Warnick, of Wichita, argued the cause, and Ralph C. Fleagle, of Syracuse, and Henry E. Martz, Alan B. Phares, William C. Norton and H. E. Pat Healy, all of Wichita, were with him on the briefs for the appellant.

Logan N. Green, of Garden City, argued the cause, and P. C. Frazee, of Syracuse, and Ray H. Calihan, Daniel R. Hopkins and Ray H. Calihan, Jr., all of Garden City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal is from a judgment denying the claim of an alleged surviving spouse to a share of her alleged husband's estate.

C. E. Amerine, a resident of Hamilton County, died at Hot Springs, New Mexico, on April 16, 1952, being survived by four children— Thomas, Frank, Katie and Charlie. He left a last will and testament dated September 16, 1947, in which Thomas was the sole legatee and devisee, and which designated him as executor. In opposition to Thomas's petition to admit the will to probate the other three children filed their written defenses alleging that the purported will was not the will of C. E. Amerine and was not executed in the manner provided by law; that at the time of its execution the testator did not have capacity to know or understand his acts, the nature and extent of his property, the disposition thereof, or the natural objects of his bounty; that he was subject to the undue influence of other persons, and that the purported will was the result of fraud and undue influence and that probate thereof should be denied.

While the matter was pending in probate court, Louise Amerine, appellant herein, filed her "Election of Spouse" in which she alleged that she became the lawful wife of C. E. Amerine on December 12, 1950; that thereafter she lived with him as his wife in Hamilton County and in Hot Springs, New Mexico; that they had never been legally divorced, and that under the provisions of G. S. 1949, 59-603, she elected to take under the law of intestate succession.

In opposition thereto Thomas filed his answer and written defenses alleging that at no time had Louise been the wife of C. E. Amerine.

The probate court, after a full hearing and with all parties present, found that Louise was not the surviving spouse and heir of decedent, and ordered the will admitted to probate in accordance with Thomas's petition.

Frank, Katie and Charlie appealed to the district court from that portion of the order admitting the will to probate and appointing Thomas as executor. Following a hearing in the district court the order of the probate court was upheld. In due time the objecting brothers and sister appealed to this court, and we affirmed in *Amerine v. Amerine, Executor,* 177 Kan. 481, 280 P. 2d 601.

In the meantime Louise appealed to the district court from that portion of the probate court's order denying her claim as the surviving widow of the deceased.

In the district court Louise filed an amended election and petition to set apart homestead rights and her widow's share in the estate, alleging that either on December 12th or 13th, 1950, she and C. E. Amerine were in Villa Acuna, Mexico; that while at that place they

agreed to become husband and wife and to enter into a marriage contract; that they proceeded to the office of the Mexican official whose duty it was to perform marriages in that community; that they underwent what she believed to be a marriage ceremony conducted by such Mexican official whose name and address are unknown; that following the ceremony, believing herself to be the lawful wife of C. E. Amerine, she lived and cohabited with him as his wife in Hamilton County and Hot Springs, New Mexico, and in various other communities where they had cause to journey, and that following what she believed to be a marriage ceremony in Mexico she was introduced and held out to the public by C. E. Amerine as his wife.

It was further alleged that she became the wife of C. E. Amerine by virtue of the Mexican marriage ceremony or, in the *alternative*, by virtue of a contract and agreement entered into by and between them by reason of the fact that C. E. Amerine held her out to the general public as his wife, and by virtue of the fact she consented to and did cohabit with him as his wife, believing herself to be his wife.

With the issues thus joined on this phase of the case, the matter proceeded to trial by the court. Considerable evidence was introduced, including exhibits, depositions and oral testimony.

At the conclusion thereof the district court denied the claim of Louise, and the journal entry of judgment recites:

"It Is Therefore by the Court Ordered, Adjudged and Decreed, that the claimant, Louise Amerine, has failed by competent evidence to prove a marriage ceremony between herself and C. E. Amerine, deceased, and that the claimant, Louise Amerine, has failed to prove an agreement between the parties to enter into a common-law marriage or a marriage *per verba de praesenti,* and that the claim of Louise Amerine should be disallowed by this court and the same is hereby disallowed."

From such judgment Louise has appealed to this court.

One of the specifications of error pertains to the refusal by the court to admit certain evidence in behalf of appellant. The trouble with this contention lies in the fact there was no compliance with the provisions of G. S. 1949, 60-3004, and the matter is not subject to review. In *Ducoin v. Morris,* 177 Kan. 158, 164, 277 P. 2d 587, it was held:

"Alleged error in the exclusion of evidence is not open to review on appeal, where on the hearing of a motion for a new trial such evidence is not produced by affidavit, deposition or oral testimony of the witness, as required by G. S. 1949, 60-3004, and the purported evidence is contained only in a proffer made

by counsel during the trial in which he stated what the evidence would be if the witness were permitted to testify." (Syl. 1.)

Two other alleged errors pertain to testimony given by Thomas and his wife, it being claimed that under the circumstances they were incompetent to testify concerning the matters in issue. We have examined these contentions but find them to be without substantial merit. If we understand the record correctly, that portion of testimony by Thomas's wife was merely in rebuttal to that previously given by Frank, who was a witness for appellant, and, as far as Thomas's testimony is concerned, it is not made to appear that the provisions of G. S. 1949, 60-2804, with respect to transactions or communications with a decedent, were in any way violated. In any event, from the record it is clear that such testimony in no way affected the result.

Another specification of error is that the court erred in finding that appellant failed by competent evidence to prove a marriage ceremony between herself and C. E. Amerine.

A short answer to this contention is that the record contains no evidence whatsoever that the parties participated in a marriage ceremony in Mexico, or anywhere else.

Two other specifications of error are that the court erred in finding that appellant had failed to prove an agreement between the parties to enter into a common-law marriage, and in disallowing her claim.

As previously stated, the claim of Louise was in the alternative. She first relied upon an alleged official marriage ceremony performed by a Mexican official in that country. In the alternative she relied upon a contract and agreement between her and decedent to enter into what amounted to a common-law marriage, followed by cohabitation and a holding out to the public that they were husband and wife. As stated, there was no evidence whatsoever, direct or otherwise, to establish the Mexican marriage ceremony. In denying her claim based on the common-law marriage theory, it may be that the court had in mind the rule stated in 55 C. J. S., Marriage, § 43, p. 890, to the effect that where a marriage is set up as having been performed at a particular time or place, or by a particular form or ceremony, and the evidence fails to support the assertion, the party asserting the marriage will not be allowed to rely on cohabitation and reputation to establish it. However, the parties have

argued the law pertaining to common-law marriages as applied to the evidence, and we have so considered it.

In our view of the case we do not consider it expedient or necessary to encumber this opinion with an extensive discussion of the law relating to common-law marriages, and reference is made to what has been said on the subject in the two comparatively recent cases of *Cain v. Cain,* 160 Kan. 672, 165 P. 2d 221, and *Smith v. Smith,* 161 Kan. 1, 165 P. 2d 593, and in the numerous decisions cited therein.

There was evidence before the court to establish that on certain occasions and at certain places in New Mexico, Texas and Kansas, decedent and appellant had lived together and had held themselves out to friends and acquaintances as husband and wife. On the other hand, there was much evidence before the court exactly to the contrary. The rule pertaining to appellate review is so well established that it requires no citation of authority, and that is, findings of the trier of facts which are based upon substantial competent evidence will not be disturbed even though there is evidence which would support a contrary finding. A review of this record establishes clearly the fact that the trial court's findings are supported by evidence.

We find nothing in the record that approaches reversible error and the judgment is therefore affirmed.