No. 39,884

HILTON P. WHETSTONE, *Appellee*, v. EMMA FERNETTI WHETSTONE, *Appellant.*

(290 P. 2d 1022)

Opinion filed December 10, 1955.

*Rollie P. Emmitt, Jr.,* of Pittsburg, argued the cause, and was on the briefs for the appellant.

*D. G. Smith,* of Girard, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was a divorce action. From a judgment of the trial court granting plaintiff Hilton P. Whetstone (appellee) a divorce, defendant Emma Fernetti Whetstone (appellant) appeals. The parties will be hereafter referred to as plaintiff and defendant.

On July 8, 1954, plaintiff filed his verified petition alleging, in substance, the residence of the parties and that they were married January 30, 1934, and thereafter on July 17, 1950, were divorced and the marriage relation set aside, and the defendant was restored her former name, Emma Fernetti. On July 2, 1952, the parties entered into a common law marriage relationship and held themselves out to the public as husband and wife, legally married, and that defendant was guilty of extreme cruelty and gross neglect of duty. Plaintiff asked judgment for divorce.

It is undisputed that defendant later filed a verified amended answer denying plaintiff's grounds for divorce, and by way of cross-petition asked for separate maintenance. The respective parties presented their evidence to the court on the issues thus joined on October 13, 1954. The court granted the plaintiff a decree of divorce and denied relief to the defendant on her cross-petition. From this judgment she appeals.

The decisive question in this case is whether there was in fact a common law marriage between plaintiff and defendant.

Common law marriages are recognized in this state. (*Smith v. Smith,* 161 Kan. 1, 165 P. 2d 593.)

G. S. 1949, 23-101, provides that the marriage contract is to be considered in law as a civil contract to which the consent of the parties is essential, and in order to establish a common law marriage, it is essential that the parties have a mutual present consent to the marriage. (*Pitney v. Pitney,* 151 Kan. 848, 853, 101 P. 2d 933, and cases therein cited.)

G. S. 1949, 60-1508, provides, in part, that proof of cohabitation and reputation of the marriage of the parties may be received as evidence of the marriage. But no divorce shall be granted without proof.

Ordinarily a divorce will not be granted unless there exists a valid and subsisting marriage relationship between the parties to the action. Moreover, a divorce may not be granted where the parties are already validly divorced. (27 C. J. S. 596, § 54.)

While the plaintiff alleged in his petition that this was a common law marriage, and the parties held themselves out to the public as such, the burden was upon the plaintiff to prove the existence of the marriage relationship between the parties by producing evidence upon that issue. (17 Am. Jur. 340.)

In order to constitute a valid common law marriage, there must be a present marriage agreement and a holding out of each other to the public as husband and wife. The general reputation of the parties with respect to being married or single does not prove or disprove the marriage agreement itself. (*In re Estate of Freeman,* 171 Kan. 211, 213, 231 P. 2d 261, and cases therein cited.)

An examination of the record fails to reveal any evidence of any common law marriage. On the contrary, the plaintiff testified as follows:

"Q. Ask you during the time you were living at 206½ North Walnut, you ever held out to anyone that you remarried this woman?

"A. No, sir; I didn't.

"Q. You can't recall ever telling anyone that?

"A. No.

"Q. Ask you if you know she ever held out that you were married?

"A. No, sir; not to my knowledge."

"Q. Prior to filing this thing, Mr. Whetstone, did this defendant, Emma Fernetti, represent to you that she was telling anyone else that you were married?

"A. No, she didn't. On several different occasions she made the statement she would do as she pleased, that I wasn't her husband, she wasn't married to me. . . ."

"Q. It is stated herein [petition] that the parties held out they were legally married.

"A. I never said I was legally married."

"Q. And you conducted yourselves as man and wife—is that right?

"A. No, we didn't conduct ourselves as man and wife.

"Q. What was the difference from when you were previously married?

"A. Boarder—I stayed there, yes."

It is apparent from the record in this case that the plaintiff failed to prove any existing common law marriage relationship between the parties and, as a consequence, there was no marriage to be dissolved.

The judgment of the trial court is reversed and the case is remanded with directions to dismiss the action.

It is so ordered.