JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Heather Fuentes, appeals the trial court's dismissal of her complaint for divorce based on the finding that she failed to prove the elements of common-law marriage as required by the laws of the State of Kansas. After review of the record and the arguments of the parties, we affirm.
 {¶ 2} On September 22, 2004, Heather Fuentes ("wife") filed her initial complaint for divorce against Miguel A. Fuentes ("husband") in Case No. DR-04-301054. That complaint was dismissed on November 12, 2004 for lack of jurisdiction because wife had not been a resident of Ohio for six months immediately preceding the filing of her complaint.
 {¶ 3} Wife filed a new complaint for divorce on February 22, 2005, from which this current appeal stems (Case No. DR-05-303335). In her complaint, she alleged that the parties were married on October 22, 2002 in Junction City, Kansas, according to the standards of common-law marriage in that state. She further stated *Page 2 
that three children had been born as issue of the marriage[1] and that the parties were joint owners of real and personal property.[2]
 {¶ 4} On May 25, 2005, husband filed a motion to dismiss, a motion for declaratory judgment that no marriage existed, and a motion to appear telephonically. Husband argued that no marriage existed between the parties, by the standards of common-law marriage or otherwise. On August 2, 2005, wife moved for judgment on the pleadings.
 {¶ 5} The case was called to trial on January 23, 2006, at which time the parties stipulated that the court should make its ruling on the pleadings that had been filed to that point. On March 17, 2006, the trial court dismissed the case, holding that wife had failed to prove the elements of common-law marriage as required by Kansas law.
 {¶ 6} Wife appeals, asserting four assignments of error.[3] We address these assignments of error jointly since they all attack the trial court's finding that no valid common-law marriage existed.
 {¶ 7} We first note that common-law marriages allegedly entered into after October 10, 1991 are not valid in this state. See R.C.3105.12(B)(2). However, if a *Page 3 
common-law marriage came into existence in another state that does recognize common-law marriage, and it is in accordance with the laws of that state, it will be recognized in Ohio. See R.C. 3105.12(B)(3). Since the common-law marriage between the parties here allegedly came into existence in the state of Kansas, we look to Kansas law for the applicable elements.
 {¶ 8} In Kansas, there are three elements that must be established to prove a common-law marriage: 1) capacity of the parties to marry; 2) present marriage agreement between the parties; and 3) holding out of each other as husband and wife to the public. In re Estate ofHendrickson (1991), 805 P.2d 20. A key element is that in order to prove the existence of a common-law marriage, it must be established that there was mutual present intent to marry. Whetstone v. Whetstone (1955),290 P.2d 1022. This element will prove vital to our decision.
 {¶ 9} The alleged facts of this case are highly disputed between the parties, with each version of the matter completely contradicting the other. According to wife, the two met on the internet in early 2002 while husband was serving with the United States Army, stationed in Japan. Shortly thereafter, husband was transferred to Fort Riley, Kansas, and wife asked husband to move into her home after her residence was broken into. From that point forward, wife alleges the common-law marriage began, and the two lived as husband and wife.[4] Conversely, husband argues that *Page 4 
although they dated, there never came a point where they agreed they were married, nor did they ever agree to get married in the future.
 {¶ 10} In addition to the contradicting factual histories, the parties stipulated to allow the trial court to make its ruling based on their filings; therefore, there is no transcript of a trial or evidentiary proceeding. This hinders our review since it is clear from the contradicting allegations that the resolution of several of the issues depends on a determination of the credibility of the parties.
 {¶ 11} The trial court is the body vested with the ultimate responsibility to resolve conflicts in the evidence presented.Brooks v. Brooks (Apr. 30, 2001), Warren App. No. CA2000-08-079. The trial court found that wife did not sufficiently prove the necessary elements to establish a common-law marriage.
 {¶ 12} Wife challenges that ruling and argues that she filed numerous documents to demonstrate that the parties lived as husband and wife. However, the trial court specifically held that wife failed to demonstrate that there was a present marriage agreement between the parties. While wife supplied documents that allegedly proved a "holding out," she supplied no evidence whatsoever that she and husband ever agreed that they were married. Wife argues she established that there was a present marriage agreement when the couple first began living together in October 2002. Living together is not sufficient to prove a present marriage agreement. *Page 5 
 {¶ 13} Courts have held that, even if a party proves cohabitation and reputation, lack of proof of a present agreement of marriage will be fatal to any claim of a common-law marriage. Winthrop v. Harden, Cuyahoga App. No. 79803, 2002-Ohio-6217, citing Nestor v. Nestor (1984),15 Ohio St.3d 143; 15 Ohio B. 291; 472 N.E.2d 1091. The trial court was presented with evidence that wife could not firmly point to a time where the parties agreed to be married. She simply points to evidence of their desire to live together and to have children together. This is not evidence that the parties ever had a present agreement that they were married.
 {¶ 14} Furthermore, the record reflects that wife later completed a marriage application, of which husband was unaware and did not sign. This raises the question, if wife believed they were already married, why would she feel the need to complete a marriage application? At best, it could demonstrate that there was a future intent to possibly marry, not a present agreement that they were married.
 {¶ 15} This court is aware that there is some evidence to support wife's contentions that the couple engaged in activities that could be perceived by others as a "holding out" as a married couple; however, we also note that the record is devoid of any evidence of a present marriage agreement between the parties. We find no error in the trial court's ruling; thus, this appeal is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 6 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
 CHRISTINE T. McMONAGLE, J., and PATRICIA ANN BLACKMON, J., CONCUR *Page 7 
 APPENDIX
Appellant's Assignments of Error:
I. The trial court erred in finding that the requisites for common-law marriage under the laws of the State of Kansas were not proved where the evidence showed the parties jointly executed residential lease agreements, appellant obtained health insurance through appellee's employer, appellee transferred automobiles into both parties' name and signed an affidavit to avoid paying property tax in Kansas, and appellee held appellant out as his wife to medical professionals, his employer and others.
II. The trial court erred in finding that appellee moved to Ohio to live separately from appellant where the evidence was that prior to the move the parties had purchased a residence in Ohio in order to ultimately move to this state, this home was in appellee's name and this home was being occupied by appellee's relatives.
III. The trial court erred in holding that there was insufficient evidence that a common-law marriage existed between the parties under the laws of the State of Kansas, and thereby reached a decision that is not supported by the facts.
IV. The trial court erred by misapplying the laws of the State of Kansas with respect to common-law marriages and thereby reached a decision that is unjust.
[1] Triplets were born prematurely and died of complications.
[2] Real property located at 4449 Ranchview, North Olmsted, Ohio, and a 2004 Nissan Titan Truck.
[3] Appellant's assignments of error are listed in the Appendix attached hereto.
[4] Wife filed a voluminous amount of documents, which she alleges support her contention that the parties viewed their relationship as a marriage. *Page 1