No. 23,457.

EMMA L. KINNEY (EMMA L. JOHNSON), *Appellee*, v. (WOODMEN OF THE WORLD, *Appellee*), ELLA MAY CERNEY, *nee* ELLA MAY KINNEY, Intervener, *Appellant*.

### SYLLABUS BY THE COURT.

BENEFIT INSURANCE—*Common-law Wife of Assured—Separation—Subsequent Formal Marriage to Another Husband—Common-law Wife Not Entitled to Proceeds of Benefit Certificate of Her Common-law Husband.* Previous to 1890, the plaintiff was the common-law wife of Thomas Kinney. In that year she separated from her husband, and in 1892 she was formally married to her present husband, with whom she has ever since lived, and by whom she has borne children. In 1904, Kinney obtained from a beneficiary society a certificate payable at his death to his wife. Kinney died in 1918, and the plaintiff sued for the proceeds of the certificate. *Held,* it will be presumed the plaintiff's marriage to her present husband was legal; the presumption includes, if necessary, the fact of dissolution of the common-law marriage, by divorce granted to Kinney; and the presumption cannot be overcome, except by proof so cogent as to compel conviction.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed January 7, 1922. Reversed.

*John M. Cleary,* and *Raymond G. Barnett,* both of Kansas City, Mo., for the appellant.

*A. J. Herrod,* and *H. S. Roberts,* both of Kansas City, for appellee Emma L. Kinney; *E. S. McAnany, M. L. Alden, T. M. Van Cleave, John T. Harding, B. F. Deatherage, David A. Murphy,* and *Paul R. Stinson,* all of Kansas City, Mo., for appellee Woodmen of the World.

The opinion of the court was delivered by

BURCH, J.: The action was commenced by Emma L. Johnson, under the name, Emma L. Kinney, to recover on a beneficiary certificate issued by the Woodmen of the World to Thomas Kinney. Emma L. Johnson claimed to be his widow. Ella May Cerney, whose maiden name was Ella May Kinney, intervened. She claimed to be the daughter and sole heir of Thomas Kinney, and the person entitled to the proceeds of the certificate under the laws of the society which issued it. The society is willing to make payment to the rightful claimant. The plaintiff prevailed, and Mrs. Cerney appeals.

The following narrative embraces facts and inferences of fact derivable from the evidence, with occasional comment. The narrative may or may not be true in all respects, but it is sufficient to develop the errors committed by the district court.

In the year 1872, Thomas Kinney was married to Bessie McLeod, in Plymouth, Iowa, and the intervener is their daughter. Kinney

abandoned his wife, and she obtained a divorce from him in 1887. At that time he was living in Burlington, Iowa. In 1885, while living in Burlington, Iowa, Kinney became engaged to Emma L. Ellis, who was then sixteen years old, and they went to Des Moines, Iowa, to be married. At Des Moines, Kinney told Miss Ellis he was short of money, and said they might as well just say they were married, thousands of people did that way, and there was no harm in it. Miss Ellis consented, they went to a hotel in Des Moines, stayed over night, returned to Burlington, told friends they were married, and commenced to live together as husband and wife. Doubtless the real reason Kinney did not marry Miss Ellis was, he was not divorced from his wife. Kinney and Miss Ellis continued to live together after his wife obtained her divorce, and so established what is known as a common-law marriage. Kinney and his common-law wife moved to Kansas City, Mo., and lived together until 1890, when she left him and went to St. Louis, Mo. She had no children, and thought she could get out of the matrimonial relation as unceremoniously as she got into it. In 1892, under the name of Emma L. Ellis, she married a man named Johnson. She has lived with Johnson as his wife ever since their marriage, and has borne him two sons. They have been residing at Howard, Kan., for some fifteen years. The woman is the plaintiff in this action.

After the plaintiff left Kinney, he took a Kansas City woman named Emma, with whom he lived, and whom he held out as his wife. In April, 1904, while living with this woman, he obtained from the Woodmen of the World the beneficiary certificate sued on, which was made payable to "Emma Kinney, bearing relation to him of wife." In his application he gave April 7, 1856, as the date of his birth. If the date were correct, he was only sixteen years old when he married Bessie McLeod. It may have been easy for him to concede to himself the advantage of a few short years in declaring his age to obtain insurance. In 1906, Kinney lived in St. Joseph, Mo., and a year or two later lived at the home of E. E. Hale. Kinney was not living with any woman as his wife at that time, and he frequently told Hale of the happy home he had enjoyed in Kansas City, and told of the death of his wife and child. Nothing more is known of the Emma of the certificate.

The plaintiff heard nothing of Kinney from 1890 to 1918. In 1918, she saw his name in a Kansas City paper, and wrote to him.

Kinney v. Woodmen of the World.

Correspondence followed in which Kinney entreated her to return to him. He said he was single, alone in the world, and wanted her to return; she was still his wife, a common-law marriage was as good as any other, a lawyer had told him so, and he wanted her to forgive him and to come back. By way of special inducement, he told her he was a member of the Woodmen of the World, and had taken out a policy of insurance in which she was named as beneficiary. The plaintiff kept up a clandestine correspondence with Kinney until some time in 1919, when she prepared to go to Kansas City and talk things over with him. His death prevented the meeting.

The court instructed the jury with reference to the nature of common-law marriage, and directed the jury to return a verdict for the plaintiff if she were Kinney's wife when the certificate naming Emma Kinney as beneficiary was issued. The court further instructed the jury as follows:

"11. If you find and believe from the evidence in this case that plaintiff was, at the time of the death of Thomas Kinney, living as the wife of one C. F. Johnson, and for many years prior thereto had been living as the wife of C. F. Johnson, and that the plaintiff and C. F. Johnson had brought into the world children whom they reared in lawful wedlock, then the presumption is that plaintiff was the lawful wife of C. F. Johnson, and not of the deceased Thomas Kinney, and that the plaintiff never became the wife of said Thomas Kinney.

"While this is the presumption of the law, yet this presumption may be overcome by the evidence in the case and all the inferences to be drawn from such evidence. Such presumption is not conclusive. If the jury should believe that there was a common-law marriage, and that not knowing the effect of it, Emma L. Kinney entered into the relation with C. F. Johnson of husband and wife, but that nevertheless Thomas Kinney still regarded Emma L. Kinney as his wife at the date of the issuance of the certificate and thereafter looked upon the marriage relation as legal and designated her as beneficiary, with that in view, she may still recover in this action.

"12. The mere fact, if it be a fact, that Emma Kinney went through a marriage ceremony and cohabited with another man other than Thomas Kinney, or that Thomas Kinney went through a ceremony and cohabited with another woman, would not annul the marriage of Thomas Kinney and Emma Kinney, once consummated by mutual consent, as before explained; but you should consider their acts subsequent to the time of the alleged marriage in their real agreement and understanding while living together, in order to determine whether there was, in fact a common-law marriage existing."

These instructions gave the jury slight information regarding the law applicable to the case. The sanctity of the marriage relation, morality, and common decency were involved. The public policy

of the state, of which the courts are guardians, was involved. The law does not permit the plaintiff to brand her relations with Johnson as adulterous, and to bastardize her children, with the lightness which she affects. The presumption that her marriage with Johnson was legal, is the highest known to the law. (*Shepard v. Carter,* 86 Kan. 125, 119 Pac. 533; *Miller v. Miller,* 89 Kan. 151, 155, 130 Pac. 681; *Haywood v. Nichols,* 99 Kan. 138, 139, 160 Pac. 982.) The presumption includes, if necessary, the fact of dissolution of the plaintiff's common-law marriage by divorce granted to Kinney, and cannot be overcome except by proof so cogent as to compel conviction. The plaintiff's evidence did not extend to the subject of a divorce.

A demurrer to the plaintiff's evidence was interposed, and overruled. The Woodmen of the World have used extraordinary diligence to discover the person to whom payment of the certificate should be made. The weight of the evidence is that the intervener is entitled to the fund. Therefore, the judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the plaintiff's evidence, and to render judgment in favor of the intervener.