No. 36,369

DORA CAIN, *Appellee*, v. FOG CAIN, *Appellant*.

(165 P. 2d 221)

Opinion filed January 26, 1946.

*William H. Towers,* of Kansas City, argued the cause for the appellant.
*William E. Carson,* of Kansas City, argued the cause for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action for divorce. The trial court granted the plaintiff a divorce, custody of a minor child, possession of certain personal property, alimony and attorney's fees. The defendant has appealed.

The amended petition alleged that in 1925 the plaintiff and defendant agreed to become wife and husband and since that time had cohabited together as such; that plaintiff had assumed the name of the defendant and defendant had held plaintiff out to the public as his wife and by reason thereof plaintiff and defendant were wife and husband. The petition then made allegations about the child, aged seventeen, and that plaintiff was the proper person to have the custody of her; that the plaintiff had always conducted herself as a faithful and dutiful wife and that the defendant had been guilty of extreme cruelty and gross neglect of duty. The petition then alleged the ownership in defendant of certain property; that plaintiff had no means with which to support herself or to carry on this action and that defendant was an able-bodied man who earned at least thirty dollars a week; that defendant had told plaintiff if she ever caused him any trouble he would kill her and that plaintiff feared he would carry these threats into execution unless he was restrained. The prayer was that plaintiff be given a divorce from defendant; that she be awarded the custody of the minor child; that the personal property in her possession be awarded to her and that she be allowed a reasonable sum out of the earnings and property of the defendant for alimony, court costs and attorney's fees and that upon a final hearing the court make an equitable disposition of the property.

The defendant in his answer denied each and every allegation of the petition except those admitted and especially denied that he and the plaintiff were married either by common law or by civil ceremony. The answer denied that plaintiff and defendant agreed in the year 1925 or any other time to become husband and wife or that he held plaintiff out as his wife and denied that plaintiff and defendant cohabited together as husband and wife. The answer admitted that plaintiff and defendant had acquired a relationship of sweethearts for the past nineteen years and that during that time the child referred to in the petition was born to plaintiff; that upon the birth of the child the plaintiff assumed his name and gave his name to the child all without his consent or approval. The answer further pleaded that during the time that plaintiff and defendant were keeping company plaintiff associated, and had affairs, with other men besides defendant. The answer further admitted that defendant did visit the plaintiff at various addresses and residences set out but never cohabited with her at her home.

To this answer the plaintiff filed a reply in the way of a general

denial. After hearing the evidence and arguments of attorneys the court found that the allegations of the plaintiff's petition were true; that the relationship existing between plaintiff and defendant constituted a common-law marriage.

Judgment was rendered allowing plaintiff a divorce, custody of the child and $1,000 as permanent alimony, $500 to be paid in cash and the balance at the rate of $50 a month; $100 attorney's' fees and the costs of the action.

Defendant was given cash in the amount of $771.80 then in his possession and the real estate referred to. Defendant's motion for a new trial was denied. Hence this appeal.

The only point raised on this appeal is that no common-law marriage was proven between the plaintiff and defendant and hence the trial court was without authority to enter a decree of divorce or judgment for alimony. Defendant's position is that certain elements must be proven in order to constitute common-law marriage, that is, the members must have the capacity to contract, there must be a holding out of each other as husband and wife, there must be living together as husband and wife, there must be a present intention to do these things. He argues that plaintiff failed to prove any of these elements and that his demurrer to the evidence should have been sustained. This requires an examination of the record because if there is any substantial evidence to sustain the ruling of the trial court it will not be disturbed on appeal. (See *Solomon v. Lampl*, 135 Kan. 469, 11 P. 2d 1028, and *Gilpin v. Burch*, 145 Kan. 224, 65 P. 2d 308.)

Defendant argues first there was no substantial evidence of any agreement between the parties to become husband and wife immediately. The plaintiff testified that she and defendant met in 1923 and some months after that they began to have sexual relations and defendant asked her to marry him and she said she would; that they were not married then but in May, 1925, she was about to give birth to a child of which defendant was the father, and she asked him to go ahead with the marriage he had proposed, and his answer was "That is just the law of the land. You don't need no papers. We are married now in the eyes of God." She testified further that from that time on until 1942, just before this action was filed, she and defendant regarded each other as man and wife; that he introduced her to all his friends as his wife; that he introduced her to the landlady, with whom she was living at the time of the trial, as

his wife; that at the time she was confined on account of the birth of the child defendant gave her some subsistence for about five months; that on another occasion he lived with her in the same house for about three months and at all other times lived in the immediate vicinity of the house where plaintiff lived; that she took the name "Cain" and defendant did not object to her using it. She further testified that defendant came to see her every day and every night at the house where plaintiff lived with her daughter; that defendant always said he was buying "this place" for her and her daughter and wanted them to enjoy what he had; that defendant "used to" give her five dollars a week for support of the child; there was evidence that the daughter called defendant "Daddy" on numerous occasions, and he did not object.

This state has recognized what is known as "common-law" marriage almost from the beginning. See *State v. Walker*, 36 Kan. 297, 13 Pac. 279. In that case we said:

"No particular ceremony or form of solemnization is prescribed or required. The settled doctrine of the law to be applied in a case where the validity of a marriage is drawn in question is, that in the absence of all civil or statutory regulations, the mutual present assent to immediate marriage by persons capable of assuming that relation, is sufficient without any formal solemnization. Such a contract constitutes a marriage at common law, and its validity will be sustained, unless some statute expressly declares it to be void." (p. 303.)

In *Matney v. Linn*, 59 Kan. 613, 54 Pac. 668, a couple had been divorced and had lived apart until the decree had become final; there was a reconciliation and both parties appeared in court and caused the court to make an order setting the decree aside, after which they lived together as man and wife. Afterward their marital status was questioned. This court regarded the attempt to set aside the divorce decree as a nullity, but said:

"The fact that this step was ineffectual, and the further one that there was no formal marriage at that time, does not argue that they did not again enter the marriage relation. It appears that there was at that time a mutual present assent of the parties to immediate marriage. They were capable of assuming that relation, and in pursuance of that consent and agreement, they lived together as husband and wife, in good faith, until they were separated by death. These things were sufficient to constitute a valid consensual marriage." (p. 618.)

In *Tyner v. Schoonover*, 79 Kan. 573, 100 Pac. 478, we said:

"Consensual or common-law marriages are not void although the formalities of the statute have not been observed, and these may be shown by ac-

knowledgment, cohabitation and repute, and must necessarily be shown by other than record evidence." (p. 575.)

The requisites for a common-law marriage are present capacity of the parties, a contract to assume the marriage status at the time the contract was made and a holding of each other out to the public as husband and wife. It is not necessary that the contract be in any particular form. In *Renfrow v. Renfrow,* 60 Kan. 277, 56 Pac. 534, we said:

"If a marriage contract need not be evidenced by writing, and of course it need not be, we can conceive of no reason why it may not, like many other civil contracts, be evidenced by acts and conduct from which its making *ore tenus* may be presumed." (p. 280.)

There is no question here but that both parties had the capacity to contract and we are considering a demurrer to the evidence. The plaintiff on finding herself pregnant asked defendant to carry out the proposal of marriage he had made to her sometime before. She was told by him that they were married in the eyes of God. From then on they held each other out to the public as husband and wife. The trial court was warranted in drawing the inference from these circumstances among others that there was a present contract between these parties to assume the marriage relationship and that it was carried out.

Defendant points out that the parties did not live in the same house at all times and that plaintiff retained her maiden name at the packing plant where she worked and on' one or two other occasions around the town. These are all circumstances that went to the weight to be given plaintiff's testimony by the trial court. We cannot weigh testimony here. See *Cooper v. Cooper,* 147 Kan. 256, 76 P. 2d 867.

Defendant also cites and relies on what this court said in *Pitney v. Pitney,* 151 Kan. 848, 101 P. 2d 933. In that case we held that the findings of the trial court and the testimony of the plaintiff established that the parties had lived in the same house as man and wife but that throughout the relationship the man had promised to have a marriage ceremony performed in the future. There was no present contract. There was a further failure of proof in that record of any holding of each other out to the public as husband and wife. Here there was evidence of an agreement to assume the marriage relationship at once. There was also evidence of a holding out.

The judgment of the trial court is affirmed.