No. 67,572

FRED R. CHANDLER, SR., Deceased, *Appellant,* v. CENTRAL OIL CORPORATION, INC., TRAVELERS INSURANCE COMPANY, and KANSAS WORKERS COMPENSATION FUND, *et al., Appellees.*

(853 P.2d 649)

Opinion filed May 28, 1993.

*Michael R. McIntosh*, of Kansas City, argued the cause and was on the brief for appellant.

*Bryce B. Moore*, of Overland Park, argued the cause and was on the brief for appellees Central Oil Corporation, Inc., and Travelers Insurance Company.

*Mary Eileen Mallon*, of Kansas City, argued the cause, and *J. Paul Maurin, III*, of Kansas City, was on the brief for appellee Eliza Chandler.

*Chris Miller*, of Lawrence, argued the cause and was on the brief for appellee The Kansas Workers Compensation Fund.

The opinion of the court was delivered by

LOCKETT, J.: Claimant, Mary Glin Chandler, appeals a judgment of the district court which affirmed the decisions of an Administrative Law Judge (ALJ) and the Director of Workers Compensation which awarded benefits to another claimant, Eliza Davis Chandler, as the surviving widow of Fred R. Chandler, Sr., deceased. Mary Chandler appealed, claiming that the district court erred in failing to require the claimed common-law wife to overcome the presumption of validity of the subsequent ceremonial marriage between claimant Mary and the deceased. In an unpublished opinion filed August 28, 1992, the Court of Appeals reversed and remanded for further proceedings. Eliza Chandler's petition for review was granted by this court.

Fred R. Chandler, Sr., was shot during a robbery in the course of his employment as a gas station attendant for Central Oil Corporation, Inc., respondent. Fred died on July 18, 1988, as a result of his injury.

Fred fathered three children with three different women. Fred had a son named Ruben Holmes who was born on March 6, 1955, to Dorothy R. Johnson. Fred and Dorothy were never married. Ruben was 33 years old when Fred was killed. Ruben never appeared in this action.

After his relationship with Dorothy, Fred married three women and fathered two other children. He first married Noletta J. Carter on June 20, 1964. Fred and Noletta were divorced on June 1, 1973. There were no children born of this marriage.

The second wife, Eliza, began living with Fred in 1969. Rosalin Chandler, the daughter of Fred and Eliza, was born August 27, 1971. She turned 18 on August 27, 1989, after Fred's death, while this case was pending. Eliza and Fred were married in Arkansas on July 7, 1972. Eliza did not know that Fred was still married to Noletta at the time. Eliza and Fred continued to live together after Fred's divorce from Noletta became final.

Mary, the third wife, and Fred began living together in April 1982. They were married on July 10, 1985, in Kansas City, Kansas. Fred R. Chandler, Jr., the son of Fred and Mary, was born July 14, 1983. Mary also had six children who were not Fred's natural children. Fred and Mary lived together until his death on July 18, 1988.

After Fred's death, both Eliza and Mary claimed to be the surviving spouse. In determining whether Eliza or Mary was entitled to Fred's workers compensation death benefits, the ALJ concluded that, because Eliza and Fred continued to live together and hold themselves out as husband and wife after Fred's divorce from Noletta became final, a common-law marriage existed between Eliza and Fred. Under these facts, Fred lacked capacity to enter into the subsequent marriage with Mary because his prior common-law marriage to Eliza had not been dissolved. The ALJ found that because Eliza was the common-law wife of Fred at the time of his death, Eliza and her children were entitled to receive benefits in various amounts and at various periods of time. The ALJ denied benefits to Mary and her children, except for Fred, Jr.'s, own benefits. Mary appealed to the Director of Workers Compensation. The Director upheld the ALJ. Mary appealed to the district court.

The district court observed the only issue on review was who was the surviving spouse of Fred R. Chandler, Sr. After reviewing the testimony, the exhibits, the submission letters of the parties, and oral arguments, the district court affirmed the ALJ and the Director's determination that Eliza Chandler was the surviving spouse and, as a result, entitled to the benefits.

The district court noted that well-settled law in Kansas recognizes a common-law marriage if three elements are present: (1) the requisite capacities of the parties to marry; (2) a present marriage agreement between the parties; and (3) a holding out

of each other as husband and wife to the public. See *In re Estate of Hendrickson*, 248 Kan. 72, 73, 805 P.2d 20 (1990). The district court pointed out that both the award of the ALJ and the order of the Director recognized the prerequisites for a common-law marriage and set forth in detail the factual basis for concluding that such a relationship existed between Fred and Eliza at the time Fred died. The district court concluded the three elements required for a common-law marriage existed between Fred and Eliza. Because the subsequent marriage of Fred to Mary Chandler was void and of no legal effect, Eliza, as the surviving spouse of Fred Chandler, Sr., was entitled to all benefits allowed under the Workers Compensation Act to the surviving widow. The district court affirmed the award of the ALJ and the Director. Mary appealed to the Court of Appeals.

In an unpublished opinion, the Court of Appeals noted that in proceedings under the Workers Compensation Act, the burden of proof is on the claimant to establish the claimant's right to an award of compensation and to prove the various conditions on which the claimant's right depends. In determining whether the claimant has satisfied this burden of proof, the trier of fact considers the whole record. K.S.A. 1991 Supp. 44-501(a). It observed that K.S.A. 1991 Supp. 44-508(g) defines burden of proof under workers compensation as "the burden of a party to persuade the trier of facts by a preponderance of the credible evidence that such party's position on an issue is more probably true than not true on the basis of the whole record." It observed that under these statutes, both Mary and Eliza had the burden to prove by a preponderance of the evidence they were entitled to benefits as Fred's surviving spouse. The Court of Appeals noted that Mary claims she is entitled to a presumption that her subsequent marriage to Fred was valid under *Harper v. Dupree*, 185 Kan. 483, Syl. ¶ 2, 345 P.2d 644 (1959).

In *Harper*, a husband sought to have his marriage annulled because his alleged wife had a surviving spouse from a previous marriage. The *Harper* court stated the law is well settled with respect to the presumption of validity of a subsequent marriage where an attempt is made to have it annulled on the ground one of the parties thereto was not divorced from his or her spouse at the time of such subsequent marriage. It noted that where

annulment is sought on the ground of a prior subsisting marriage, courts will not grant a decree of nullity except on the production of clear, satisfactory, and convincing evidence, the reason being the peculiar nature of marriage and the grave consequences attendant on its subversion. 185 Kan. at 487. See 55 C.J.S., Marriage, § 58c., pp. 938, 939-40.

The *Harper* court noted that *the majority view is that a second or subsequent marriage of a person is presumed to be valid;* that such presumption is stronger than and overcomes or rebuts the presumption of the continuance of the previous marriage, and that the burden of proving the continuance of the previous marriage, and the invalidity of the second marriage, is upon the party attacking the validity of the subsequent marriage. To overcome the presumption of validity, and to sustain the burden of proving the invalidity of a marriage, every reasonable possibility of validity must be negatived, and the evidence to overcome the presumption of validity of the subsequent marriage must be clear, strong, and satisfactory and so persuasive as to leave no room for reasonable doubt. In other words, the burden of proving that a divorce has not been granted to either party to a former marriage is substantial and is not met by proof of facts from which mere inferences may be drawn. 185 Kan. at 487.

The *Harper* court found that where an attempt is made to annul a marriage on the ground of a prior subsisting marriage of the other party, the presumption of validity of the subsequent marriage is stronger than and overcomes the presumption of the continuance of the previous marriage, and one who seeks to impeach the subsequent marriage has the burden of proving by evidence " 'so cogent as to compel conviction' " that the previous marriage has not been dissolved. 185 Kan. at 488 (quoting *Kinney v. Woodmen of the World,* 110 Kan. 323, 326, 203 Pac. 723 [1922]).

In a subsequent case, *Burnett v. Burnett,* 192 Kan. 247, 387 P.2d 195 (1963), the wife, Noema, was divorced from a former husband on October 14, 1958. On October 26, 1958, William Burnett and Noema were married in Miami, Oklahoma. On October 7, 1961, William filed for divorce. Later, William amended his petition, alleging Noema was incapable of entering into the Oklahoma marriage with him because her Kansas divorce from

her first husband had not become final. Noema filed a cross-petition praying for divorce, alimony, and a division of the marital property. The trial court annulled the Oklahoma marriage and adjusted the property rights of the parties in the annulment decree. Noema appealed.

On appeal, the *Burnett* court pointed out that in a proceeding to annul a marriage the trial court has the responsibility of seeing that the marital status is not disturbed unless clearly sanctioned by law. The marriage relationship is a matter of public concern. Proceedings to dissolve marriages are not favored under the law. Annulment proceedings are equitable in nature and equitable principles should prevail. In an annulment proceeding, it is the present marital status that is to be considered, not whether a prior marriage between the parties was void. The court observed that an annulled marriage strips the parties of all legal rights which follow the dissolution of a valid marriage. It reversed the judgment with directions to the trial court to decree a valid marriage of the parties under the common law and to proceed with the determination of their marital rights under the law pertaining to divorce and alimony. 192 Kan. at 251. See *In re Estate of Keimig*, 215 Kan. 869, 528 P.2d 1228 (1974); *Johnson County National Bank & Trust Co. v. Bach*, 189 Kan. 291, 369 P.2d 231 (1962).

Eliza argues that this presumption applies only when a party to the marriage seeks to annul the marriage; because she is not a party to the marriage, the presumption does not apply. The Court of Appeals pointed out that Eliza's argument is inconsistent with *Hawkins v. Weinberger*, 368 F. Supp. 896 (D. Kan. 1973), in which the United States District Court for the District of Kansas applied the presumption of validity of the second marriage against the alleged spouse of a prior common-law marriage who was attempting to obtain social security benefits as the decedent's surviving widow. The *Hawkins* court concluded that substantial competent evidence supported the agency's conclusion that there was no common-law marriage between the decedent and the alleged first spouse. 368 F. Supp. at 900. The United States District Court applied the presumption from *Harper*, noting we had held that where two purportedly valid marriages are entered into in good faith, the law will presume the second of the mar-

riages to be valid, with the burden on the claimant from the first marriage to rebut that presumption. The presumption includes the fact of dissolution of the previous marriage. 368 F. Supp. at 900. The Court of Appeals found that this case is controlled by *Harper* and that the *Hawkins* rationale applies because here, as in *Hawkins,* the prior common-law spouse sought to invalidate the decedent's subsequent ceremonial marriage in order to receive dependent benefits.

The Court of Appeals also noted public policy supports applying the presumption against Eliza. Eliza testified that after she moved to Florida she received social security benefits for Rosalin because Fred was disabled, but Fred did not support her during the years they were separated. The Court of Appeals pointed out that K.S.A. 1991 Supp. 44-508(c)(1) defines dependents as "such members of the employee's family as were wholly or in part dependent upon the employee at the time of the accident." It observed that K.S.A. 1991 Supp. 44-508(c)(2) explains that a surviving spouse is excluded from the definition of "members of a family" if the surviving spouse willfully or voluntarily deserts or abandons the employee more than six months prior to the date of the employee's death. The Court of Appeals concluded the presumption applies against Eliza's claim of a common-law marriage because this statute demonstrates that the purpose of the act is to compensate spouses who are dependent upon the employee for their livelihood.

The Court of Appeals then determined that under the facts of this case the district court erred by failing to require Eliza to overcome the presumed validity of the subsequent marriage by proving that she and Fred entered into a common-law marriage and that it had not been dissolved at the time of Fred's marriage to Mary. More specifically, it held the district court erred in affirming the ALJ's conclusion that the marriage was still in effect absent proof that Fred and Eliza were divorced.

The Court of Appeals reversed and remanded the cause with directions to the district court to (1) apply the presumption of validity to the marriage of Fred and Mary and then permit Eliza the opportunity to rebut such presumption; and (2) after deciding which of the claimants was the wife of the worker at the time of his death, determine how the benefits for dependent children/

stepchildren should be divided. The Court of Appeals held that if the district court after remand concludes that Mary was the surviving spouse of Fred, the court must also consider whether Mary's children from a previous marriage were entitled to dependent benefits as stepchildren pursuant to K.S.A. 1991 Supp. 44-508(c)(3)(b) and (c).

We agree with the Court of Appeals' determination that under the Workers Compensation Act the burden of proof is on the claimant to establish the claimant's right to an award of compensation and to prove the various conditions on which the claimant's right depends. K.S.A. 1991 Supp. 44-501(a). The burden of proof for a party to prove its claim or right is to persuade the trier of facts by a preponderance of the credible evidence that the party's position on an issue is more probably true than not true based upon the whole record. K.S.A. 1991 Supp. 44-508(g).

We disagree with the Court of Appeals' statement that K.S.A. 1991 Supp. 44-508(c)(1), which defines "dependents," and K.S.A. 1991 Supp. 44-508(c)(2), which explains that a surviving spouse is excluded as a "member of the family" if the surviving spouse willfully or voluntarily deserts or abandons the employee more than six months prior to the date of the employee's death, are statements of a public policy which supports a presumption against Eliza as a surviving spouse of the deceased worker in this action. The statute was not enacted to determine which of two claimants is entitled to be the surviving spouse of a deceased worker, but whether the surviving spouse of the deceased worker is entitled to workers compensation benefits.

We agree with the Court of Appeals' statement that, because of the peculiar nature of the relationship of marriage and the grave consequences attendant upon its subversion, the law raises a presumption of validity of a subsequent marriage, and such presumption is " 'one of the strongest known to the law.' " *Harper v. Dupree*, 185 Kan. at 488 (quoting *Shepard v. Carter*, 86 Kan. 125, 130, 119 Pac. 533 [1911]). Where an attempt is made to annul a marriage on the ground of a prior subsisting marriage of the other party, the presumption of validity of the subsequent marriage is stronger than and overcomes the presumption of the continuance of the previous marriage, and one who seeks to impeach the subsequent marriage assumes the burden of proving

by evidence " 'so cogent as to compel conviction' " that the previous marriage has not been dissolved. *Harper v. Dupree*, 185 Kan. at 488.

On remand, to overcome the presumption of validity and to sustain the burden of proving the invalidity of the marriage of Mary and Fred, every reasonable possibility of validity of that marriage must be negatived, and Eliza's evidence of a continuing common-law marriage to overcome the presumption of validity of the subsequent marriage must be clear, strong, and satisfactory and so persuasive as to leave no room for reasonable doubt. Clear and convincing evidence is evidence that is certain, unambiguous, and plain to the understanding and so reasonable and persuasive as to cause the trier of fact to believe it. *Cerretti v. Flint Hills Rural Electric Co-op Ass'n*, 251 Kan. 347, 367, 837 P.2d 330 (1992). Clear and convincing evidence is not a quantum of proof, but rather a quality of proof; thus, a party establishes a claim by a preponderance of the evidence, but this evidence must be clear and convincing in nature. *Barbara Oil Co. v. Kansas Gas Supply Corp.*, 250 Kan. 438, 448, 827 P.2d 24 (1992).

Judgment of the district court is reversed and the case is remanded. Judgment of the Court of Appeals is affirmed as modified.

DAVIS, J., not participating.

TERRY L. BULLOCK, District Judge, assigned.