**Debra Lynn HILL, Plaintiff,**

v.

**IBP, INC., Defendant.**

**Civ. A. No. 94–2046–GTV.**

United States District Court, D. Kansas.

March 23, 1995.

John L. Hampton, Glenn B. Brown, Boddington & Brown, Chtd., Kansas City, KS, for plaintiff.

John J. Jurcyk Jr., Frank D. Menghini, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, for defendant.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case is before the court on defendant's motion for summary judgment, or in the alternative, for partial summary judgment on the issue of damages (Doc. 33). Plaintiff has responded in opposition to the motion for summary judgment, but her response does not address that part of the motion relating to damages, nor does it controvert the facts offered by defendant in support of the partial summary judgment portion of the motion.

The court held a hearing to allow the parties to present oral arguments regarding the motion on March 20, 1995, and the court orally advised counsel of its ruling. The court now issues this written memorandum and order to memorialize the rulings made at the hearing. For the reasons set forth below, defendant's motion for summary judgment is denied. The alternative motion for partial summary judgment on the issue of damages is granted in part and denied in part.

### I. FACTUAL BACKGROUND

The following summary contains uncontroverted facts as established pursuant to Fed. R.Civ.P. 56 and in accordance with D.Kan. Rule 206(c). Immaterial facts and factual averments not properly supported by the record are omitted.

Plaintiff began her employment at the IBP plant in Emporia, Kansas, on August 5, 1991. Plaintiff experienced problems with her rotator cuff in the left shoulder in November 1991. She reported the injury to IBP nurses in the dispensary and to Dr. Campbell, the plant workers' compensation doctor. Plaintiff also complained to the nurses in the IBP dispensary of pain in her hands.

On December 27, 1991, plaintiff again visited the dispensary complaining about a bump or nodule on her right wrist. Plaintiff was placed on IBP's medical management program on the same day.

In late December 1991 or early January 1992 plaintiff placed her son in the drug and alcohol rehabilitation unit (Pace Unit) in the Emporia hospital. On or about January 7, 1992, plaintiff went to the IBP plant manager, Roger Brownrigg, and explained her family situation to him. In response to plaintiff's request that she be permitted to miss a few days of work, Mr. Brownrigg suggested that plaintiff take a leave of absence. Plaintiff filled out a leave of absence form which placed her on leave beginning January 6, 1992. The date upon which the leave of absence would cease was listed on the leave form as "unsure." Plaintiff's leave of absence was conditioned on her calling Mr. Brownrigg once each week to update him on her son's condition and on the status of her leave of absence. Mr. Brownrigg called the Pace Unit to determine the length of the treatment plaintiff's son required. He was told that the treatment should last a maximum of another three weeks and noted that information across the bottom of plaintiff's leave of absence form.

On February 6, 1992, plaintiff received a letter from Roger Brownrigg terminating her employment effective February 3, 1992. The reasons given for her termination included her failure to contact Mr. Brownrigg each week during her leave and for extending her leave beyond the time agreed upon.

In May 1992, plaintiff filed a claim under the Kansas Workers' Compensation Act. Plaintiff underwent three separate opera-

tions following her employment at IBP. On September 16, 1992, surgery was performed on plaintiff's right hand. Plaintiff's left hand was operated on in February 1992. Finally, plaintiff received shoulder surgery in June 1993.

On November 13, 1992, an Administrative Law Judge for the Division of Workers' Compensation for the State of Kansas awarded temporary total disability compensation to plaintiff beginning on September 16, 1992, the date of her first surgery.

## II. RETALIATORY DISCHARGE

■ Kansas generally follows the employment at will doctrine which holds that in the absence of a contract, either express or implied, between an employee and employer covering the duration of employment, the employment is terminable at will by either party. *See Johnson v. National Beef Packing Co.*, 220 Kan. 52, 54, 551 P.2d 779 (1976). Kansas recognizes a number of exceptions to the employment at will doctrine. One such exception applies to employees discharged in retaliation for the exercise of their rights under the Workers Compensation Act. *See Murphy v. City of Topeka*, 6 Kan.App.2d 488, 630 P.2d 186 (1981). This cause of action is "based on the theory that dismissal of employees for reasons violative of a particular public policy are actionable." *Brown v. United Methodist Homes for the Aged*, 249 Kan. 124, 135, 815 P.2d 72 (1991).

■ In order to establish a claim of retaliatory discharge, a plaintiff must show (1) that she filed a claim for workers compensation benefits or sustained an injury for which she might assert a future claim for such benefits; (2) that the employer had knowledge of plaintiff's compensation claim or the fact that she had sustained a work-related injury for which she might file a future claim for benefits; (3) that the employer terminated her employment; and (4) that a causal connection existed between the protected activity or injury, and the termination. *See Ortega v. IBP, Inc.*, 1994 WL 373887 at *6 (D.Kan.1994); *Pilcher v. Board of County Commissioners*, 14 Kan.App.2d 206, 213, 787 P.2d 1204 (1990). Plaintiff must establish her claim by evidence which is clear

and convincing. *Ortega v. IBP, Inc.*, 255 Kan. 513, 527, 874 P.2d 1188 (1994). Evidence "is clear if it is certain, unambiguous and plain to the understanding. It is convincing if it is reasonable and persuasive enough to cause the trier of facts to believe it." *Ortega*, 255 Kan. at 527, 874 P.2d 1188 (citing *Chandler v. Central Oil Corp.* 253 Kan. 50, 58, 853 P.2d 649 (1993)). Under Kansas law, clear and convincing evidence is not a quantum of proof, but rather a quality of proof. *Ortega*, 255 Kan. at 527, 874 P.2d 1188.

■ A Kansas court would not apply the clear and convincing evidentiary standard at the summary judgment stage. *Garcia v. IBP, Inc.*, 1994 WL 590905, at *6, n. 3 (D.Kan. Oct. 26, 1994). A federal court, however, is not bound by state law standards for granting summary judgment, but instead must follow Fed.R.Civ.P. 56. *Id.*

■ In ruling on a motion for summary judgment, a federal court must apply the substantive evidentiary standard that would apply at trial. *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255, 106 S.Ct. 2505, 2512, 2513–14, 91 L.Ed.2d 202 (1986): "[W]e are convinced that the inquiry involved in ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits.") Thus, plaintiff must present sufficient evidence of a clear and convincing nature that would support a jury verdict in its favor in order to avoid summary judgment.

■ Defendant argues that plaintiff has failed to present sufficient evidence as to elements two and four of the prima facie case for retaliatory discharge to withstand the motion for summary judgment. First, defendant argues that IBP was not aware that plaintiff had sustained an injury for which she might file a future claim for workers' compensation benefits. Second, defendant argues that plaintiff has failed to establish a causal connection existed between the plaintiff's injury for which she might file a future workers' compensation claim, and the plaintiff's termination from IBP.

The court finds that there is evidence in the record which shows that IBP had knowl-

edge that plaintiff had suffered an injury for which she might file a workers' compensation claim. Plaintiff visited the IBP dispensary and has asserted that she was placed on light duty. Additionally, plaintiff was placed on IBP's medical management program. Plaintiff has presented sufficient evidence to avoid summary judgment on this element of her prima facie case for retaliatory discharge.

Plaintiff has also offered evidence sufficient to raise the issue of a causal connection between her discharge and the fact that she had sustained an injury for which she might file a workers' compensation claim. As the court stated on the record at the hearing, the court finds the following factors significant in establishing the fourth element of the prima facie case: the close timing between plaintiff's injury and her discharge; plaintiff's deposition testimony that her supervisor was angry about her visit to the IBP dispensary and about plaintiff being placed on light duty; testimony by Danielle Sadler Wallace, an IBP nurse, that the medical staff considers any injury indicating carpal tunnel syndrome as a workers' compensation case; plaintiff's placement on the medical management program; IBP's safety and cost reduction programs that encourage reduction of workers' compensation costs; and IBP's incentive program for reducing costs.

The court concludes that plaintiff has presented sufficient evidence meeting the clear and convincing standard to establish her prima facie case of retaliatory discharge and to avoid dismissal on summary judgment.

### III. DAMAGES

Defendant argues in the alternative portion of its motion that the court should limit plaintiff's damages for lost wages and deny plaintiff's claim for punitive damages. Defendant asserts that plaintiff's claim for future wages should be limited to the period of time from February 3, 1992, the date IBP terminated plaintiff's employment, to September 16, 1992, the date plaintiff began receiving temporary total disability compensation. Plaintiff's response does not address the alternative part of the motion.

By definition, temporary total disability compensation is awarded "when the employee, on account of the injury, has been rendered completely and temporarily incapable of engaging in any type of substantial and gainful employment." K.S.A. § 44-510c(b)(2). Thus, plaintiff was incapable of employment at IBP on September 16, 1992. The court concludes that plaintiff's claim for future wages should be limited to the time period from February 3, 1992, to September 16, 1992.

Defendant also argues that plaintiff is not entitled to punitive damages. Defendant asserts that plaintiff has not presented clear and convincing evidence that defendant acted toward the plaintiff with willful or wanton conduct, fraud or malice. See K.S.A. § 60-3702(c). The court believes that material issues of fact exist on this issue, and denies summary judgment on defendant's motion to dismiss plaintiff's claim for punitive damages.

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion for summary judgment (Doc. 33) is denied. Defendant's alternative motion for partial summary judgment on the issue of damages is granted in part and denied in part. Plaintiff's claims for damages shall be limited as stated in this order.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**