**Barney DIXON, Plaintiff,**

v.

**CERTAINTEED CORPORATION, et al., Defendants.**

Civil Action No. 94–2310.

United States District Court,
D. Kansas.

Feb. 8, 1996.

Paul E. Serrano, Jr., Robert L. Dameron, Blake & Uhlig, P.A., Kansas City, KS, Henri J. Watson, Russell S. Dameron, Watson & Dameron, Kansas City, MO, for Barney Dixon.

Roger W. Warren, Kathryn A. Regier, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for CertainTeed Corp.

Bernard T. Schmitt, Harris, McCausland & Schmitt, P.C., Kansas City, MO, for Precision Constructors, Inc.

David E. Larson, Brett A. Davis, Westwood, KS, for Ins. Solutions, Brookville Ins. Agency, Inc.

Thomas R. Buchanan, McDowell, Rice & Smith, P.C., Overland Park, KS, Joseph M. Backer, Kurlbaum, Stoll, Seaman, Reefer Suter & Mustoe, P.C., Kansas City, MO, for Henry F. Teichmann, Inc.

### MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This matter is before the court on the motion of defendant CertainTeed Corporation ("CertainTeed") for partial summary judgment (Doc. 127), pursuant to Fed. R.Civ.P. 56. Plaintiff has responded (Doc. 176) and opposes CertainTeed's motion. For the reasons set forth below, the motion is denied.

Plaintiff filed the instant action alleging negligence on the part of CertainTeed. He claims he suffered permanent injuries in July 1994 resulting from a fall at CertainTeed's plant. Plaintiff's Complaint includes a claim for loss of consortium.

CertainTeed contends that summary judgment on plaintiff's loss of consortium claim is appropriate because Kansas law bars his recovery. In order for plaintiff to recover for loss of consortium, he first must demonstrate the existence of a valid marriage contract at the time of his accident pursuant to K.S.A. § 23–205. CertainTeed argues that plaintiff has failed to establish this element of the claim.

Plaintiff opposes summary judgment on the ground that a genuine issue of material fact exists as to whether he satisfies the marriage requirement of K.S.A. § 23–205. He asserts that he meets the marriage requirement through a common-law marriage to Ms. Karolyn Blydenburgh.

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The court must examine the factual record and reasonable inferences therefrom in a light most favorable to the party who opposes summary judgment. *Applied Genetics Int'l Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir.1990).

CertainTeed, as the moving party, has the initial burden to show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the burden shifts to the plaintiff to identify specific facts that show the existence of a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). The court examines only the uncontroverted facts or, if controverted, must view them in the light most favorable to plaintiff, the nonmoving party.[1] *First Affiliated*, 912 F.2d at 1241.

---

1. The court notes that plaintiff's opposition to CertainTeed's motion for partial summary judgment does not comport to the local rules of this court. Rule 56.1 requires plaintiff to "state the number of movant's fact that is disputed." D.Kan.Rule 56.1. The court has correlated plaintiff's statement of facts with CertainTeed's uncontroverted facts where possible. CertainTeed's remaining uncontroverted facts are deemed admitted for purposes of its motion for summary judgment.

■ The only issue before the court is whether plaintiff has presented sufficient evidence of a valid common-law marriage to avoid summary judgment on his loss of consortium claim. Commonlaw marriages are valid in Kansas. *Chandler v. Central Oil Corp.*, 253 Kan. 50, 853 P.2d 649, 652 (1993); *Sullivan v. Sullivan,* 196 Kan. 705, 413 P.2d 988, 992 (1966). To establish a common-law marriage, plaintiff must prove: "(1) capacity of the parties to marry, (2) a present marriage agreement, and (3) a holding out of each other as husband and wife to the public." *Sullivan,* 413 P.2d at 992. Each element must coexist to establish a common-law marriage. *Fleming v. Fleming,* 221 Kan. 290, 559 P.2d 329, 331 (1977); *State v. Johnson,* 216 Kan. 445, 532 P.2d 1325, 1328 (1975). The existence of the necessary requirements for a common-law marriage is a question of fact. *Hawkins v. Weinberger,* 368 F.Supp. 896, 899 (D.Kan.1973).

■ Once the parties meet the requirements for a common-law marriage, a legally recognizable marriage contract exists. *Cain v. Cain,* 160 Kan. 672, 165 P.2d 221, 223 (1946). Any subsequent actions that demonstrate an intent to end the marriage are invalid unless accompanied by a legal dissolution. *Burnett v. Burnett,* 192 Kan. 247, 387 P.2d 195, 197–98 (1963).

In the instant action, the capacity of the parties to marry is not in dispute. Thus, the court's analysis focuses on elements two and three.

■ Essential to proving a valid common-law marriage is the existence of a mutual present agreement to the marriage. *Schrader v. Schrader,* 207 Kan. 349, 484 P.2d 1007, 1009 (1971); *Cain v. Cain,* 160 Kan. 672, 165 P.2d 221, 223 (1946). Since no particular form is required to satisfy this element, the present agreement may be evidenced by the acts and conduct of the parties. *Huss v. Keimig,* 215 Kan. 869, 528 P.2d 1228, 1230 (1974); *Cain,* 165 P.2d at 223.

■ CertainTeed contends that plaintiff did not have a present agreement to marry Ms. Blydenburgh. It argues that plaintiff has demonstrated only an intention to cohabitate, which is insufficient to satisfy the present agreement requirement. In support, CertainTeed asserts that plaintiff did not view himself as married prior to his accident. CertainTeed argues that plaintiff's deposition testimony regarding his marital status before the accident demonstrates the lack of a present agreement to be married. The court disagrees.

Much of the evidence offered by CertainTeed references plaintiff's conduct after he moved from Kansas to Missouri. However, plaintiff's relationship with Ms. Blydenburgh could not ripen into a common-law marriage after he moved to Missouri because Missouri does not recognize the formation of a common-law marriage. Thus, the court must determine if a present agreement to marry existed between plaintiff and Ms. Blydenburgh prior to their leaving Kansas in 1989. If a valid marriage contract existed before plaintiff left Kansas, his subsequent intention to remain married in Missouri is irrelevant because a common-law marriage only can be dissolved by legal action.

Plaintiff testified in his deposition that he was common-law married, and had lived with Ms. Blydenburgh for two years in Kansas. He also stated that to his knowledge living together in Kansas for six months qualified as a common-law marriage. Plaintiff further testified that he had never been married or divorced, and did not consider himself married in Missouri because it does not recognize common-law marriage. CertainTeed argues that plaintiff's testimony does not reflect a present agreement to be married.

Plaintiff responds and offers his affidavit, along with the affidavit of Ms. Blydenburgh, to establish that they mutually agreed to marry in October 1987.[2] If the court were to accept the substance of plaintiff's affidavits, it could find the existence of a mutual pres-

---

2. The court is cognizant that plaintiff's affidavits might conflict with his prior deposition testimony. It would be improper for plaintiff to offer an affidavit that conflicts with earlier sworn testimony. *See Franks v. Nimmo,* 796 F.2d 1230, 1237 (10th Cir.1986) (plaintiff cannot offer an affidavit that conflicts with sworn testimony to create a sham fact that defeats a motion for summary judgment); *Maddy v. Vulcan Materials Co.,* 737 F.Supp. 1528, 1532 (D.Kan.1990). In this case, however, plaintiff's affidavits do not necessarily conflict with his deposition testimony. *See Maddy,* 737 F.Supp. at 1532 (earlier deposition testimony was clear and unequivocal). As discussed

ent agreement to marry between the parties in spite of extrinsic evidence to the contrary. *Schrader*, 484 P.2d at 1009 (direct testimony of parties can belie "inference that a consensual marriage had indeed been consummated").

The court also notes that the deposition testimony that CertainTeed offers in support of summary judgment is susceptible to numerous interpretations. For instance, plaintiff's testimony that he had never been married is contradictory to his earlier testimony that he was common-law married. The court could infer that plaintiff meant that he had never participated in a formal wedding ceremony. Additionally, because plaintiff knew that Missouri did not allow common-law marriages, his testimony that he was not married could indicate his mistaken belief that his move to Missouri ended a common-law marriage formed in Kansas. CertainTeed also did not follow-up on plaintiff's testimony that he was common-law married by asking him if he had agreed to marry Ms. Blydenburgh in 1987. Instead, CertainTeed requests that the court adopt the inferences it draws from plaintiff's testimony.

The court finds that there is insufficient evidence in the record to determine whether plaintiff had a present marriage agreement with Ms. Blydenburgh. The evidence offered by CertainTeed is open to differing interpretations, and, viewed in a light most favorable to plaintiff, demonstrates that a material issue of fact remains for trial. The conflict in the evidence also presents an issue of weight and credibility that properly remains for trial. The court cannot conclude, as a matter of law, that CertainTeed is entitled to summary judgment on this issue.

CertainTeed next argues that plaintiff has not held himself out as being married. To satisfy this requirement, plaintiff and Ms. Blydenburgh must have held each other out to the public as husband and wife. *Cain*, 165 P.2d at 223–24. CertainTeed contends that summary judgment is appropriate on this issue because plaintiff did not consistently hold himself out as married prior to the accident. The court disagrees.

As the court previously stated, the marriage contract between plaintiff and Ms. Blydenburgh had to exist prior to their moving to Missouri. Thus, the court must analyze the holding out element during the time period that plaintiff resided in Kansas and claims that his common-law marriage occurred—from 1987 to 1989.

CertainTeed offers evidence of tax returns, W–4 statements, employment records, and medical records prior to plaintiff's accident that might indicate plaintiff has not held himself out to be married. Plaintiff responds by offering numerous affidavits that support his contention that friends and relatives recognized his marriage to Ms. Blydenburgh. These individuals referred to them as husband and wife. The court concludes that summary judgment on this element is inappropriate because CertainTeed's evidence is susceptible to conflicting interpretations that favor the plaintiff. CertainTeed's evidence needs further development to determine if plaintiff held himself out to the public as married during the relevant time period.

The court finds insufficient evidence in the record to support CertainTeed's motion for partial summary judgment. A reasonable inference exists that plaintiff had a present agreement to marry Ms. Blydenburgh, and that they held themselves out to the public as husband and wife. These issues remain for trial. Partial summary judgment on plaintiff's loss of consortium claim is inappropriate because the court cannot conclude, as a matter of law, that plaintiff does not have a valid marriage contract.

IT IS, THEREFORE, BY THE COURT ORDERED that CertainTeed's motion for partial summary judgment (Doc. 127) is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**

---

below, plaintiff's deposition testimony is open to differing interpretations. The court cannot conclude that plaintiff's affidavits merely create a sham fact to defeat CertainTeed's motion for partial summary judgment.